## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **TRENISS JEWELL EVANS III** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 1:24-cv-377** |
| | § | |
| **WILLIAM L. SHIPLEY** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff TRENISS JEWELL EVANS III ("EVANS" or "Plaintiff") files this Firsst

Amended Complaint complaining of Defendant WILLIAM L. SHIPLEY and for cause of action

will show the following:

## PARTIES

1.      Plaintiff TRENISS JEWELL EVANS II is a U.S. citizen and a resident of San Antonio,

Texas.

2.      Defendant WILLIAM L. SHIPLEY ("SHIPLEY" or "Defendant") is an attorney licensed

to practice law in the State of Hawaii and in the U.S. District Court for the District of Columbia.

SHIPLEY is a resident of 1897 Talbot Pl, South Lake Tahoe, CA 96150 where he was served

with process.

## JURISDICTION

3.      The Court has jurisdiction over this cause of action pursuant to 28 U.S.C. § 1332(a)(1)

because the action is between citizens of different states and the amount in controversy exceeds

$75,000, excluding interests and costs.

## VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. This cause of action arises out of an attorney-client relationship between SHIPLEY and EVANS. SHIPLEY participated in the representation of EVANS in this district before Judge Dabney L. Friedrich in case number 21-cr-00225-DLF.

## FACTS

### SHIPLEY assisted and participated in the representation of EVANS

5.      On March 4, 2021, EVANS was arrested on a criminal complaint that alleged various criminal allegations relating to the breach of the U.S. Capital on January 6, 2021. EVANS ultimately retained Attorney John Pierce ("Pierce") of the John Pierce Law Firm in Woodland Hills, California. In February 2022, SHIPLEY assisted Pierce in his representation of EVANS and other individuals charged with crimes related to the incident at the U.S. Capital on January 6, 2021 ("J6" or "J6 cases"). SHIPLEY has admitted that he represented EVANS on his twitter account and breached his fiduciary duty to EVANS when he publicly and disingenuously disclosed confidential information regarding case strategy related to EVANS'S defense. SHIPLEY continues to ignore his fiduciary duties by making derogatory references to EVANS including making defamatory remarks by accusing him of "grifting" funds intended for the defense of other individuals charged in connection with J6.

6.      On April 9, 2023, SHIPLEY tweeted to his well over 100,000 followers specific case information regarding his representation of EVANS. SHIPLEY began his tweet by explaining how he began assisting Pierce in his representation of persons charged with J6 cases. SHIPLEY then stated in an egotistical tone that Pierce had no experience in federal criminal law. SHIPLEY

also specifically mentioned EVANS as one the clients Pierce represented and with whom he communicated with regarding EVANS'S J6 case. SHIPLEY then disclosed specific confidential information regarding discussions with EVANS about the filing of a motion in EVANS'S defense. SHIPLEY described his confidential communications with EVANS as follows: "*Treniss* (i.e. EVANS) *pain in the ass. John* (i.e. Pierce) *asked me to talk to him* (i.e. EVANS) *about an idiotic "extradition" motion he wanted to file b/c some moron paralegal told him it was valid.*" SHIPLEY added that "*it took 45 minutes to discuss it with him* (i.e. EVANS)*. It was like trying to explain the law to a 1*<sup>st</sup> *Grader. It didn't matter how many times I told him the statute he was looking at did not apply to his case, he kept making the same stupid argument.*" Also, as part of his April 9, 2023, twitter tirade, SHIPLEY added an outrageous statement wherein he stated: "*You're an idiot and you're grifting off J6 cases.*" This tweet is defamatory, and it constitutes both a blatant breach of SHIPLEY'S duty of confidentiality and loyalty and the intentional infliction of emotional distress.

7.     On December 19, 2023, SHIPLEY once again tweeted the substance of confidential communications he had with EVANS. Specifically, SHIPLEY stated: "*Evans would not let go of the stupid ideas given to him by Quang, I told him he needed to look elsewhere for an attorney to help him. I'm sure I wasted about 3 hours of my time trying to talk sense into him, but he was convinced his extensive understanding of federal criminal procedure learned in the few months he had been charged was greater than I had gained in my 30+ years of working in federal courtrooms.*" EVANS did not consent to any such disclosure of his confidential discussions, and he certainly does not condone these illegal and unethical disclosures. Shipley also falsely labels Quang as some type of resource to Evans.

8.      SHIPLEY'S December 19, 2023, tweet wherein he continued to disclose confidential information regarding his representation of EVANS began with the following statement: "*Here is a short story (LOL) on the grifting in parts of the J6 Community.*" Later in his tweet, SHIPLEY specifically stated that EVANS was/is "*involved in a grift and fraud*" related to raising funds for the defense of persons charged with J6 cases. SHIPLEY has tweeted many comments over the last several months and up to the date of the filing of this lawsuit wherein he accused EVANS of soliciting funds for the defense of J6 cases and illegally using those funds for his own personal expenses. Strangely, and somewhat childishly, as recently as January 28, 2024, SHIPLEY tweeted that "*Treniss Evans is as dumb as a lamp post.*" On February 6, 2024, SHIPLEY continued his relentless attacks on his former client when he tweeted the following statement that once again implicated EVANS as a "grifter": "*Many have fallen for the stories and lies of a bunch of **grifters** who see you all as suckers. They had to run down the PFP [Patriot Freedom Project] in order to elevate themselves. Where are the certified financial statements and tax returns for the **grifting** organizations run by…. Treniss Evans and the rest?*" (emphasis added). These repeated and irrational comments about a former client call into question SHIPLEY'S fitness to practice law in Hawaii or before any court.

9.      SHIPLEY is aware of the falsity of his many allegations that EVANS is a "grifter" or that he is involved in "grifting[1]" individuals because he has offered absolutely no evidence in any form to support such an obviously defamatory statement. Interestingly, SHIPLEY is himself involved in the solicitation of funds for the defense of J6 cases. The difference between EVANS'S solicitation of funds and that of SHIPLEY is that EVANS is engaged in the legal solicitation of funds to offer various forms of financial support for those charged with J6 cases

---

[1] Grift: to obtain (money or property) illicitly (as in a confidence game). *Merriam-Webster Online Dictionary (2024).*

and those funds are paid to attorneys who agree to defend J6 defendants, and the efforts

associated with the organization lawfully formed by Evans. Whereas SHIPLEY solicits funds so

that he can personally receive compensation for his defense of J6 cases. SHIPLEY'S desire to

divert funds from EVANS to himself may be what is motivating SHIPLEY to make such

derogatory and defamatory comments that relate to J6 cases like the J6 case for which he

represented EVANS in February 2022. Whatever his motivation, SHIPLEY is using information

he obtained from his representation of EVANS to embarrass and annoy EVANS while at the

same time enriching himself by diverting funds away from EVANS'S efforts to support

individuals charged with J6 crimes who cannot afford representation. SHIPLEY'S statements

constitute the intentional infliction of emotional distress, and defamation. Moreover,

SHIPLEY'S statements constitute a blatant violation of his fiduciary duties based on the standard

of care SHIPLEY owed EVANS as his attorney and that he continues to owe to him.

## CAUSES OF ACTION

### SHIPLEY Breached his Fiduciary Duties of Confidentiality and Loyalty to EVANS

10.     The Plaintiff incorporates by reference all the above paragraphs of this Complaint as

though fully set forth herein.

11.     It is universally understood that the "disclosure of confidences is contrary to the

fundamental principle that the attorney owes a fiduciary duty to his/her client and that the

attorney must serve the client's interest with the utmost loyalty and devotion." *Herbin v. Hoeffel*,

806 A. 2d. 186, 197 (D.C. 2002) (citing *In Re Gonzalez*, 773 A.2d 1026, 1031(D.C. 2001). When

this duty is applied to the "duty of confidentiality, the obligation extends not only to privileged

confidences, but also to unprivileged secrets; it exists without regard to the nature or source of

the information or the fact that others share the knowledge." *Id*. This duty of confidentiality is

found in all Rules of Professional Conduct that govern attorneys including both the State of

Hawaii where SHIPLEY is licensed and the District of Columbia ("DC").

12.     The Hawaiian rule states that a "lawyer shall not reveal confidential information relating

to the representation of a client unless the client consents after consultation… *Hawaii R. Pro.*

*Conduct Rule 1.6 (a)*. The Hawaiian rules of conduct also prohibit an attorney "who has formerly

represented a client in a matter or whose firm has formerly represented a client in a matter shall

not thereafter: use any information relating to the representation to the disadvantage of the

former client…" *Hawaii R. Pro. Conduct Rule 1.9(c)*. Similarly, the DC rules make it clear that

an attorney "shall not knowingly: reveal a confidence or secret of the lawyer's client;" nor shall

an attorney "use a confidence or secret of the lawyer's client to the disadvantage of the client;"

and a lawyer shall not "use a confidence or secret of the lawyer's client for the advantage of the

lawyer or of a third person." *D.C. R. Pro. Conduct 1.6 (a)(1)(2) and (3)*.

13.     Here, SHIPLEY violated his duties of confidentiality and loyalty to EVANS when he

disclosed privileged communications that he had with EVANS regarding very specific client

matters. SHIPLEY compounded that illegal disclosure by mocking EVANS when he made

derogatory and defamatory comments referring to him as someone who is "idiotic," is a "1st

Grader," a "grifter," and "dumb as lamp post," SHIPLEY was/is motivated by his desire to

enrich himself at EVAN'S expense by diverting individuals who may wish to EVANS'S J6 legal

defense fund to his personal defense fund. SHIPLEY'S comments constitute extreme and

outrageous conduct that has subjected EVANS to embarrassment and public ridicule, damaged

his personal reputation, and caused him to lose potential contributors to his legal defense fund.

Moreover, EVANS feels his privacy was violated because discussions that he had believed were

confidential became public and made him the subject of ridicule by SHIPLEY and his many twitter followers.

### SHIPLEY is liable for the Intentional Infliction of Emotional Distress

14.     The Plaintiff incorporates by reference all the above paragraphs of this Complaint as well as the facts alleged in Plaintiff's claim for defamation as though fully set forth herein.

15.     "To establish a prima facie case of intentional infliction of emotional distress, a plaintiff must show (1) extreme and outrageous conduct on the part of the defendants, which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Competitive Enterprise Institute v. Mann*, 150 A.3d 1213, 1260 (D.C. 2016). (citations omitted). SHIPLEY is liable to EVANS for his continued statements of privileged communications and defamatory comments wherein he describes EVANS'S ideas/suggestions regarding his own defense as "idiotic," and refers to him to publicly as a "fraud," and a "grifter" who obtains donations for the defense of persons charged with J6 crimes by providing "non-stop inaccurate information" that allows him "to avoid getting a real job." The extreme and outrageous nature of SHIPLEY'S statements would constitute a classic case of the intentional infliction of emotional distress if SHIPLEY was not an experienced attorney. However, his status as an attorney who has represented EVANS makes this an exceptionally egregious cause of action.

### SHIPLEY is liable for Defamation and False Light Invasion of Privacy

16.     The Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully set forth herein.

17.     "To succeed on a claim for defamation, a plaintiff must prove: "(1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the

statement [met the requisite standard]; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm." *Competitive Enterprise Institute v. Mann*, 150 A.3d 1213, 1240 (D.C. 2016) (citations omitted). "A statement is defamatory if it tends to injure [the] Plaintiff in his trade, profession, or community standing or lower in the estimation of the community." *Id. at 1241 (citations omitted).* A statement is also defamatory if it rises to the level of making EVANS "appear odious, infamous, or ridiculous. *Smith v. Clinton*, 886 F.3d 122, 128 (D.C. Cir. 2018. Here, SHIPLEY has intentionally and emphatically referred to EVANS, his former client, as "grifting" individuals and being involved in a "grift" and "fraud."

18.     Similarly, a false light invasion of privacy claim "requires a showing of: (1) publicity; (2) about a false statement, representation or imputation; (3) understood to be of and concerning the plaintiff; and (4) which places the plaintiff in a false light that would be offensive to a reasonable person." *Doe v. Bernabei & Wachtel, PLLC*, 116 A.3d 1262, 1267 (D.C. 2015) (citations omitted). False light invasion of privacy is a separate tort from defamation but "the two torts share similar elements, and are often "analyzed in the same manner [,]" at least "where the plaintiff rests both his defamation and false light claims on the same allegations[.]" *Zimmerman v. Al Jazeera America, LLC*, 246 F. Supp 3d 257, 273 (D.D.C. 2017) (citations omitted). Here, EVANS is alleging that the same outrageous statements made by SHIPLEY constitute both defamation and a false light invasion of privacy cause of action.

19.     On November 1, 2023, SHIPLEY tweeted as follows: I was wondering why I have not seen any posts from @CondemnedUSA Treniss Evans lately. That **fraud** blocked me. LOL. (emphasis added). **I guess calling out his grifting was taking too much of a chunk out of his income stream. Please do not donate to him. He is a stream of non-stop inaccurate**

**information and uses the donations to avoid getting a real job**." (emphasis added). This tweet has received 4, 384 views and counting. That tweet is defamatory in and of itself because it directly injures EVANS'S profession and lowers his standing in his community. That injury is exacerbated given the fact that SHIPLEY represented EVANS regarding a related matter.

20.     As recently as February 6, 2024, SHIPLEY tweeted as follows: "**Treniss Evans is a lying sack of sheet grifter who is dumb as a lamp post**. (emphasis added). He was still trying to get me to represent him in early 2022 but I wasn't doing any misdemeanor cases at that time. He got PO'd because I told him the legal theories he wanted to pursue were **idiotic**. (emphasis added). He was working at the time with idiot paralegal Huang Quan or whatever his name is. **Dumb and Dumber**." (emphasis added). This tweet has been viewed by 9,014 people and counting. At a minimum, these published false statements are offensive to EVANS and these statements also make EVANS appear to be odious, infamous and/or ridiculous.

21.     SHIPLEY'S incendiary comments are not only completely false, but they impute the commission of a crime(s). The imputation of the crime of theft and/or fraud is intensified here because the comments are being made by SHIPLEY who served as counsel for EVANS less than two years before the filing of this lawsuit. That intensified imputation of the crime of theft/fraud was not made under the veil of any privilege.  Further, those comments have damaged EVANS'S standing in his profession and among individuals associated with J6 cases including those persons from whom EVANS is attempting to solicit funds for the legal defense of persons who otherwise be denied the ability to retain counsel of their own choosing.

22.     On or about December 28, 2023, EVANS caused a cease-and-desist letter to be presented to SHIPLEY. The letter specifically discussed the breaches of SHIPLEY'S duties to EVANS as his former counsel. The cease-and-desist letter contained many of the facts alleged in this

complaint and it requested that SHIPLEY both cease and desist his unethical and illegal

statements regarding EVANS and that he issue a retraction. SHIPLEY ignored the cease and

desist letter in the same manner in which he ignored his fiduciary duties to EVANS. Indeed,

SHIPLEY has continued to make defamatory comments about EVANS up to the eve of the filing

of the instant lawsuit and the day after the filing of this suit. On February 9, 2024, SHIPLEY

made the following bizarre and somewhat threatening tweet as follows: "**I have been sued by**

**Treniss Evans. I love the rules of discovery. Buckle up buttercup.**" This tweet has an

astounding 29,600 views and counting.

23.      SHIPLEY'S February 9, 2024, tweet is significant because it supports the undeniable fact

that SHIPLEY has no evidence that EVANS is an *idiot* and a *fraud* who is *grifting* and earning

income from his *grifting* by providing *non-stop inaccurate information* that allows him to *avoid*

*getting a real job*. SHIPLEY'S February 9, 2024, tweet reveals that SHIPLEY wants to use the

discovery process for which he has proclaimed his "love" to determine if his defamatory

statements and offensive comments are in fact true. If SHIPLEY had any evidence to support his

claim that EVANS has and does obtain money illicitly, he would not need to conduct any

discovery. He would have published the supporting evidence in the same contemptible manner in

which he has published his many defamatory and offensive statements. At a minimum,

SHIPLEY has serious doubts about his claims of illicit conduct by EVANS, but he has no

hesitation to proclaim his empty allegations as true.

## **PERMANENT INJUNCTION**

24.      The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully set forth herein.

25.      To receive a permanent injunction, a plaintiff must show:(1) that it has suffered an

irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Ceasar v. Westchester Corporation*, 280 A.3d 176, 192 (D.C. 2022) (citing *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006)).

26.     SHIPLEY'S repeated disclosure of confidential attorney-client communications and his repeated defamatory warrant the issuance of a permanent injunction enjoining him from making any further statements. EVANS has sustained irreparable injury that cannot be adequately remedied by the award of damages. SHIPLEY has taken advantage of the attorney-client relationship he had with EVANS for his own personal gain. SHIPLEY will not suffer any hardship by simply refraining from making defamatory remarks and violating the fiduciary duties that he is obliged to adhere to as a licensed attorney. The public interest would be served by the issuance of a permanent injunction because it would allow individuals represented by counsel to know that the court will address and remedy any violation of the sanctity of the attorney-client relationship.

## DAMAGES

27.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein.

28.     EVANS is entitled to and shall recover mental anguish damages (past, present, and future) for the emotional pain, torment, and suffering he has experienced and will continue to experience because of the past and continued derogatory and defamatory comments that include the public disclosure of privileged communications by SHIPLEY who has previously served as

EVAN'S defense counsel. EVANS is entitled to recover all non-pecuniary damages that he can establish by the proper standard of proof. EVANS is seeking and is entitled to recover damages in at least the sum of $100.000.00.

## EXEMPLARY DAMAGES

29.     The Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

30.     SHIPLEY acted with gross fraud and/or was motivated by evil motive or intent when he violated his fiduciary duties to EVANS and made repeated defamatory and derogatory comments about EVANS. Accordingly, EVANS'S requests punitive and exemplary damages to punish SHIPLEY and to deter him from committing any future violations of his fiduciary duty and from making any further defamatory statements.

## ATTORNEY'S FEES

31.     The Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein.

32.     EVANS seeks the award of attorney's fees incurred as a result of SHIPLEY'S defamatory statements and for the blatant breach of his fiduciary duties and the bad faith in which he has acted in refusing to acknowledge and remedy the breach of his fiduciary duties and his defamatory remarks regarding EVANS. Furthermore, EVANS is entitled to recover attorney fees as a result of SHIPLEY'S wrongful and intentional conduct that compelled the need for the filing of this cause of action. EVANS is also entitled to recover attorney's fees as an element of an award of punitive damages.

## **CONDITIONS PRECEDENT**

33.     All conditions precedent to the Plaintiff's recovery shall be performed and/or have been

performed.

## **JURY DEMAND**

34.     The Plaintiff has paid the jury fee and demands a trial by jury.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully prays for the following relief:

1)      Any and All Actual Damages

2)      Exemplary Damages;

3)      A Permanent Injunction enjoining SHIPLEY from disclosing confidential

communications and from making defamatory remarks;

3)      Attorney's Fees as provided by law;

4)      Pre-Judgment and Post-Judgment as provided by law;

5)      Costs of Court; and

And for all other and further relief to which the Plaintiff may show himself to be justly

entitled.

<div style="margin-left: 40%;">

Respectfully Submitted,

THE CORTEZ LAW FIRM
1202 South Alamo Street
San Antonio, Texas 78210
Telephone No.:  (210) 273-2277
Facsimile  No.:  (210) 504-1523
adam@cortezlawfirm.com

By:     **/s/ Adam C. Cortez**
        ADAM C. CORTEZ
        D.C. Bar No.: TX0191

ATTORNEYS FOR PLAINTIFFS

</div>

## **CERTIFICATE OF SERVICE**

I certify that I have on this 28th day of May 2024, delivered a true and correct copy of the

foregoing document to the Defendant via the ECF system and/or electronic mail.


**/s/ Adam C. Cortez**
ADAM C. CORTEZ