UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| TRENISS JEWELL EVANS III<br><br>*Plaintiff,*<br><br>v.<br><br>WILLIAM L. SHIPLEY<br><br>*Defendant.* | Case No. 1:24-cv-377 |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Plaintiff's opposition fails to demonstrate the viability of any of the claims asserted in the First Amended Complaint ("FAC"). Accordingly, they must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

**I.      The Claim For Breach of Fiduciary Duty Fails.**

Plaintiff alleges that he is entitled to at least $100,000 in damages because Mr. Shipley disclosed a client confidence by describing him as "idiotic" based on their consultation and saying that "Evans would not let go of the stupid ideas given to him by Quang (a paralegal)." Plaintiff dwells on the unfavorable comments that Mr. Shipley has made about him and the sanctity of the attorney-client relationship in a futile effort to overcome the patent defects in his claim for breach of fiduciary duty.

In the District of Columbia, "breach of fiduciary duty is not actionable unless injury accrues to the beneficiary or the fiduciary profits thereby." *Randolph v. ING Life Ins. and Annuity Co.*, 973 A.2d 702, 709 (D.C. 2009) (quoting *Beckman v. Farmer*, 579 A.2d 618, 651 (D.C. 1990)). Emotional distress, without accompanying injury, does not suffice. *See Asuncion v. Columbia*

*Hosp. for Women*, 514 A.2d 1187 (D.C. 1986). Plaintiff's claim for breach of the fiduciary duties of confidentiality and loyalty fails because the FAC does not allege any injury or actual damages to plaintiff; the only damages alleged are for mental anguish and other non-pecuniary damages. (FAC ¶ 28).

Plaintiff contends that allegations of damages like his were found sufficient in *Paul v. Judicial Watch Inc.*, 543 F.Supp.2d. 1, 7 (D.D.C. 2008). However, the claim at issue there was for malpractice, not breach of fiduciary duty. Paul emphasized that he was making "a claim for malpractice rather than an attempt to recover for violations of lawyer ethics rules." *Id.* The situation here is reversed: plaintiff does not allege any malpractice but only a breach of client confidentiality and loyalty. Thus, the *Paul* decision is inapposite.

Plaintiff attempts to analogize this case to *Guo Wengui v. Clark Hill, PLC*, 440 F.Supp.3d, 30, 37-38 (D.D.C. 2020), in which this Court found the allegations of injury sufficient to support a claim for breach of fiduciary duty. Wengui was a prominent Chinese political dissident who retained the services of the defendant law firm to assist him with an asylum petition. He alleged that the firm breached its duties of loyalty and good faith by misrepresenting the manner in which it would protect his confidential information, including his asylum application. The Chinese government or someone associated with it allegedly hacked the firm's server for the express purpose of stealing Wengui's information. The hacker then published the confidential material, including Wengui's application for political asylum and passport identification number, on social media as part of a propaganda campaign by the Chinese government to mobilize protests of Wengui's presence in the United States. The Court found that these allegations sufficiently alleged actual harm to plaintiff. But Treniss Evans is not a political dissident seeking asylum from a murderous foreign government, whose life may be threatened if he is denied asylum as a result of

2

the disclosures at issue. The essential element of actual harm is missing here, where Evans alleges only emotional distress and other non-pecuniary damages because Mr. Shipley derided his intelligence.

Next, plaintiff suggests that this claim is viable because Mr. Shipley has profited from the alleged breach. But nowhere does the FAC make allegations that plausibly support this conclusion.

Nor does plaintiff's request for injunctive relief salvage this claim. The FAC fails to articulate any injury to Evans that would establish a claim for breach of fiduciary duty, or to show that Mr. Shipley is likely to act in a way that would make him liable for such a claim. It does not allege that any additional disclosures of client confidences are likely to occur or facts that would make them would be actionable if they did occur. Plaintiff asserts that "we do not know exactly what other confidential information or defamatory statements that the Defendant will disclose regarding EVANS, but EVANS is certain that he wants the Defendant to be enjoined from disclosing any such information in the future." (Opposition at 9). This is an admission that the FAC fails to state a viable claim for injunctive relief.

**II.     The Claim For Intentional Infliction of Emotional Distress Fails.**

The claim for intentional infliction of emotional distress fails because the FAC does not allege extreme and outrageous conduct on the part of Mr. Shipley, nor does it allege that plaintiff suffered a serious, verifiable emotional injury.

Plaintiff contends that disclosure of client confidences, in and of itself, constitutes extreme and outrageous conduct. But he relies on an highly selective reading of *Herbin v. Hoeffel*, 806 A.2d 186 (D.C. 2002), which did not state any such broad rule. The key allegation in that case, which plaintiff omits from his discussion, was that the attorney disclosed client confidences to

assist in the client's criminal prosecution. The court observed that this allegation, "if true, is extremely serious misconduct on the part of an attorney" and that it was "unwilling to state that the conduct alleged here, if true, is not 'extreme and outrageous' as a matter of law …." *Id.* at 197. The D.C. Court of Appeals has never indicated that conduct short of this extreme example suffices. The conduct at issue here – calling plaintiff an "idiot" who kept making a "stupid argument" about a legal motion he wanted to file and who is "grifting off J6 cases" – simply does not qualify. It does not rise above the level of "mere insults [and] indignities" that do not support a claim. *Halcomb v. Woods*, 610 F.Supp.2d 77, 80 (D.D.C. 2009) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)).

Further, the FAC does not allege that plaintiff suffered any serious, verifiable emotional injury. Evans argues that physical injury is not necessary to establish this element of the tort, but that is beside the point. "In order to qualify as severe emotional distress, the complaint must describe distress of a nature so acute that 'harmful physical consequences might be not unlikely to result.'" *Johnson v. Paragon Systems, Inc.*, 195 F.Supp.3d 96, 100 (D.D.C. 2016) (citation omitted). The FAC fails to "provide any concrete or articulable effects of psychological or physical trauma as a direct cause of Defendant's conduct." *Id.*

For both of these reasons, the claim for intentional infliction of emotional distress must be dismissed.

**III.   The Claims For Defamation And False Light Invasion of Privacy Fail**

The claims for defamation and false light invasion of privacy fail for multiple reasons. First, the statements at issue are not defamatory. Calling plaintiff a "grifter," while unflattering, is not defamatory. *See Russo v. Conde Nast Publications*, 806 F. Supp. 603, 609 (E.D. La. 1992). Plaintiff's only response is to assert that "this case is not governed by 32-year-old Louisiana case

law." (Opposition at 11). Likewise, calling plaintiff a "fraud" is not defamatory because this broad term does not have a precise and readily apparent meaning, and is often used as hyperbole. *See Doctor's Data, Inc. v. Barrett*, 170 F.Supp.3d 1087, 1123 (N.D. Ill. 2016). Plaintiff has no response at all to this.

Second, statements of opinion that are not provably false cannot undergird a claim of defamation. Plaintiff notes that statements of opinion can be actionable if they imply a provably false fact or rely upon stated facts that are provably false. But that is not the situation here. All of the statements at issue reflect Mr. Shipley's subjective view of plaintiff's fund raising activities, and so cannot be the basis for a defamation claim. They are either opinions not based on verifiable facts or else are his opinions about the import of the substantially true facts he presented. *See Armstrong v. Thompson*, 80 A.3d 177 (D.C. 2013). The Government made similar observations about Evans, in less pungent language, in its sentencing memo, noting that he "has raised money off his participation in the January 6 attack." Case No. 1:21-cr-225 (D.D.C.), Doc. 40, at 2. And Mr. Shipley disclosed the factual basis for inferring that Evans is profiting off of his fundraising activities: "Where are the certified financial statements and tax returns for the grifting organizations run by…. Treniss Evans and the rest?" (FAC ¶ 8).

A third reason why these claims must be dismissed is that the FAC fails to allege actual malice on the part of Mr. Shipley. Although plaintiff denies it, he is clearly a public figure for purposes of defamation law. The FAC asserts that he is engaged in the solicitation of funds from the public to offer various forms of financial support for those charged with J6 cases. (FAC ¶ 9). This makes him a limited purpose public figure with respect to those fundraising activities. *See Lohrenz v. Donnelly*, 350 F.3d 1272, 1279 (D.C. Cir. 2003). Furthermore, as the Government outlined at some length in its sentencing memo, Evans has deliberately sought to make himself a

public figure with respect to the events of January 6, both by his on-line activities and by giving interviews to the media.[1]  Accordingly, to make out a claim of defamation or false light, he must plausibly allege that Mr. Shipley acted with actual malice.  He fails to do so.

The FAC "comes nowhere close to pleading sufficient facts that plausibly establish 'actual malice.'"  *Arpaio v. Cottle*, 404 F.Supp.3d 80, 84 (D.D.C. 2019).  Plaintiff repeats the FAC's argument that Mr. Shipley's tweet about looking forward to discovery in this case shows that he has serious doubts about the validity of his criticisms of plaintiff.  That construction of the tweet is outlandish.  By any fair reading, it expresses Mr. Shipley's confidence he will be vindicated by this litigation.  Plaintiff cannot manufacture malice out of the allegations in the FAC.

## CONCLUSION

Accordingly, the FAC should be dismissed in its entirety pursuant to Rule 12(b)(6).

Dated: June 18, 2024.                          Respectfully submitted,

William L. Shipley, Esq.
Pro Se

---

[1] In adjudicating a motion to dismiss, a court may consider "matters of a general public nature, such as court records." *Baker v. Henderson*, 150 F.Supp.2d 13, 15 (D.D.C. 2001).

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **TRENISS JEWELL EVANS III** )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>**WILLIAM L. SHIPLEY** )<br>)<br>*Defendant.* )<br>) | Case No. 1:24-cv-377 |

**[PROPOSED] <u>ORDER</u>**

Upon consideration of defendant's motion to dismiss and the response thereto, it is hereby

**ORDERED** that the motion to dismiss is granted and this case is hereby dismissed.

Date: _____                                          _____
                                                                            James E. Boasberg
                                                                            United States District Judge