UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **TRENISS JEWELL EVANS III** | ) | |
| *Plaintiff,* | ) ) ) | |
| v. | ) ) | Case No. 1:24-cv-377 |
| **WILLIAM L. SHIPLEY** | ) ) ) | |
| *Defendant.* | ) ) | |

**DEFENDANT WILLIAM SHIPLEY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Comes Now Defendant WILLIAM L. SHIPLEY, JR., and Answers the First Amended Complaint of Plaintiff TRENISS EVANS as follows:

1. Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations set forth in Paragraph 1, and based thereon denies the allegations.

2. Defendant admits the allegations set forth in Paragraph 2.

3. Defendant lacks sufficient knowledge or information upon which to admit or deny the allegations set forth in Paragraph 3, and based thereon denies the allegations.

4. Defendant denies the existence of any attorney-client relationship with Plaintiff. Defendant lacks sufficient knowledge or information upon which to admit or deny the remaining allegations set forth in Paragraph 4, and based thereon denies all the remaining allegations.

5. Defendant denies the allegations set forth in Paragraph 5 to the extent they allege or imply the existence of any attorney-client relationship with Plaintiff. Defendant lacks sufficient knowledge or information upon which to admit or deny the remaining allegations set forth in Paragraph 5, and based thereon denies all the remaining allegations.

6. Defendant denies the allegations set forth in Paragraph 6 to the extent they allege or imply the existence of any attorney-client relationship with Plaintiff. Defendant lacks sufficient knowledge or information upon which to admit or deny the remaining allegations set forth in Paragraph 6, and based thereon denies all the remaining allegations.

7. Defendant denies the allegations set forth in Paragraph 7 to the extent they allege or imply the existence of any attorney-client relationship with Plaintiff. Defendant lacks sufficient knowledge or information upon which to admit or deny the remaining allegations set forth in Paragraph 7, and based thereon denies all the remaining allegations.

8. Defendant denies the allegations set forth in Paragraph 8 to the extent they allege or imply the existence of any attorney-client relationship with Plaintiff. Defendant lacks sufficient knowledge or information upon which to admit or deny the remaining allegations set forth in Paragraph 8, and based thereon denies all the remaining allegations.

9. Defendant denies the allegations set forth in Paragraph 9, with the exception that Defendant, an attorney authorized to practice in the District of Columbia Courts, admits that a legal defense fund raises money that is used to

pay the legal costs on behalf of individuals was cases pending in that Court connected to the events of January 6 at the United States Capitol.

10. Defendant incorporates by reference all responses to Paragraphs 1 through 9 as set forth above.

11. Defendant denies any allegation set forth in Paragraph 11 that alleges or implies the existence of any attorney-client relationship with the Plaintiff. Defendant denies the factual allegations of Paragraph 11 to the extent any factual allegations are set forth.

12. Defendant denies any allegation set forth in Paragraph 12 that alleges or implies the existence of any attorney-client relationship with the Plaintiff.  Defendant denies the factual allegations of Paragraph 12 to the extent any factual allegations are set forth.

13. Defendant denies the allegations set forth in Paragraph 13.

14. Defendant incorporates by reference all responses to Paragraphs 1 through 13 as set forth above.

15. Defendant denies the factual allegations of Paragraph 15 to the extent any factual allegations are set forth.

16. Defendant incorporates by reference all responses to Paragraphs 1 through 15 as set forth above.

17. Defendant denies the factual allegations of Paragraph 17 to the extent any factual allegations are set forth.

18. Defendant denies the factual allegations of Paragraph 18 to the extent any factual allegations are set forth.

19. Defendant denies the allegations set forth in Paragraph 19 to the extent they allege or imply the existence of any attorney-client relationship with Plaintiff. Defendant denies the remaining factual allegations of Paragraph 19 to the extent any factual allegations are set forth.

20. Defendant denies the allegations set forth in Paragraph 20 to the extent any factual allegations are set forth.

21. Defendant denies the allegations as set forth in Paragraph 21 to the extent any factual allegations are set forth.

22. Defendant denies the allegations set forth in Paragraph 22 that allege or imply the existence of an attorney-client relationship with Plaintiff. Defendant denies the remaining factual allegations of Paragraph 22 to the extent any factual allegations are set forth.

23. Defendant denies the allegations set forth in Paragraph 23 that allege or imply the existence of an attorney-client relationship with Plaintiff. Defendant denies the remaining factual allegations of Paragraph 23 to the extent any factual allegations are set forth.

24. Defendant incorporates by reference all responses to Paragraphs 1 through 23 as set forth above.

25. Defendant denies the allegations as set forth in Paragraph 25 to the extent any factual allegations are set forth.

26. Defendant denies the allegations set forth in Paragraph 26 that allege or imply the existence of an attorney-client relationship with Plaintiff.

Defendant denies the allegations as set forth in Paragraph 26 to the extent any factual allegations are set forth.

27.   Defendant incorporates by reference all responses to Paragraphs 1 through 26 as set forth above.

28.   Defendant denies the allegations as set forth in Paragraph 28 to the extent any factual allegations are set forth.

29.   Defendant incorporates by reference all responses to Paragraphs 1 through 28 as set forth above.

30.   Defendant denies the allegations as set forth in Paragraph 25 to the extent any factual allegations are set forth.

31.   Defendant incorporates by reference all responses to Paragraphs 1 through 30 as set forth above.

32.   Defendant denies the allegations as set forth in Paragraph 32 to the extent any factual allegations are set forth.

## FIRST AFFIRMATIVE DEFENSE

101.   The claims as against Defendant are barred in whole or in part because Defendant did not act in an outrageous way that would constitute intentional or negligent infliction of emotional distress.

## SECOND AFFIRMATIVE DEFENSE

102. The claims against the Defendant are barred in whole or in part because Defendant's statements about Plaintiff were true.

### THIRD AFFIRMATIVE DEFENSE

103. The claims against the Defendant are barred in whole or in part because Defendant's statements about the Plaintiff were opinions and not statements of fact.

### FOURTH AFFIRMATIVE DEFENSE

104. The damages allegedly sustained by the Plaintiff, all of which are expressly denied, were caused in whole or in part by the incompetence, negligence, carelessness, and/or culpable conduct of the Plaintiff, and/or his family, servants, agents, or employees and/or others for whom Plaintiff is legally responsible and that the amount of damages recovered, if any, shall therefore be diminished in proportion to which said incompetence, negligence, careless and/or culpable conduct bears to the culpable conduct which caused the damages alleged.

### FIFTH AFFIRMATIVE DEFENSE

105. The claims against the Defendant are barred in whole or in part because the Plaintiff has acted and continues to act in a harassing, wrongful, egregious, wanton manner, devoid of moral justification by causing serious physical harm to Defendant and creating false allegations to destroy his reputation in hopes of saving her own reputation and career.

### SIXTH AFFIRMATIVE DEFENSE

106. The claims against the Defendant are barred in whole or in part as a result of Plaintiff's failure to mitigate damages allegedly sustained.

### SEVENTH AFFIRMATIVE DEFENSE

107. The claims against the Defendant are barred in whole or in part by the doctrines of unclean hands, estoppel, ratification and waiver.

### EIGHTH AFFIRMATIVE DEFENSE

108. The claims against Defendant are barred in whole or in part as time barred by applicable statutes of limitation.

### NINTH AFFIRMATIVE DEFENSE

109. The claims against the Defendant are reduced or nullified by the Plaintiff's failure to mitigate his damages.

### TENTH AFFIRMATIVE DEFENSE

110. The claims against the Defendant are barred as any such award of damages would constitute unjust enrichment.

### ELEVENTH AFFIRMATIVE DEFENSE

111. The claims against the Defendant are barred by a lack of privity between the parties.

### TWELFTH AFFIRMATIVE DEFENSE

112. The claims against the Defendant are barred by the Statute of Frauds.

### THIRTEENTH AFFIRMATIVE DEFENSE

113. The claims against the Defendant are barred by lack of consideration.

### FOURTEENTH AFFIRMATIVE DEFENSE

114. The claims against the Defendant are barred by a failure of the First Amended Complaint to state a cause action

**JURY TRIAL DEMANDED**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury on each and every claim as pleaded herein.

Dated: August 13, 2024                    Respectfully submitted,

                                          William L. Shipley, Esq.
                                          Pro Se